FILED
FEB - 7 2005
TERESA L. DEPPNER, CLERK
U.S. District & Bankruptcy Courts
Southern District of West Virginia

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA
AT CHARLESTON

TERRY R. DURBIN,

    Plaintiff,

v.    CIVIL ACTION NO.: 2:05-0086

API OUTDOORS, INC., and its parent or
successor corporation, OUTLAND SPORTS, INC.,
and its parent or successor corporation, BASS PRO SHOP,
and its parent or successor corporation, and
WAL-MART STORES, INC., a foreign corporation,

    Defendants.

### DEFENDANT, WAL-MART STORES, INC.'S, ANSWER

For its Answer to the Complaint heretofore filed herein, the defendant, Wal-Mart Stores, Inc.," and Wal-Mart Stores, East, L.P., incorrectly named as "Wal-Mart Stores, Inc." hereinafter referred to as "Wal-Mart", by counsel, Kathlene Harmon-McQueen, Kelly C. Morgan, and the law firm of McQueen, Harmon & Murphy, L.C., states as follows:

    1.    Answering paragraph numbered I of the Complaint, Wal-Mart is without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

    2.    Answering paragraph numbered II of the Complaint, Wal-Mart admits that it is a foreign corporation doing business in the State of West Virginia, including Jackson County,

West Virginia; but Wal-Mart otherwise denies the remaining allegations contained therein and demands strict proof thereof.

3. Answering paragraphs numbered III, IV, and V of the Complaint, Wal-Mart is without sufficient information or knowledge upon which to form a belief as to the truth of the allegations contained therein and, therefore, denies the same.

4. Answering paragraphs numbered VI, VII, VIII, IX, X, XI, XII, XIII, XIV, XV, XVI, XVII, and XVIII of the Complaint, Wal-Mart specifically denies negligence and is otherwise without sufficient information or knowledge upon which to form a belief as to the truth of the remaining allegations contained therein and, therefore, denies the same.

5. Answering plaintiff's prayer for relief, Wal-Mart denies that it owes plaintiff any sums of money for any reason.

6. Wal-Mart denies all allegations contained in the Complaint which are not expressly admitted herein.

## DEFENSES

1. For a first, separate and distinct defense, Wal-Mart says that the Complaint of the plaintiff fails to state a claim upon which relief can be granted.

2. For a second, separate and distinct defense, Wal-Mart asserts each and every affirmative defense found in Rule 8(c) of the West Virginia Rules of Civil Procedure, including

but not limited to contributory/comparative negligence, as those defenses may apply to the facts of this civil action, as determined through discovery.

3. For a third, separate and distinct defense, Wal-Mart says that the plaintiff assumed the risk of the injuries and damages about which he complains.

4. For a fourth, separate and distinct defense, Wal-Mart says that the injuries and damages about which plaintiff complains, all of which Wal-Mart denies, were a proximate result of negligence on the part of the plaintiff, or negligence on the part of some third party or entity not named herein and not by reason of negligence by Wal-Mart, by reason of which the Complaint should be dismissed, with prejudice.

5. For a fifth, separate and distinct defense, Wal-Mart says that if the damages alleged in the Complaint occurred, such damages were the proximate result of negligence by one or more of the other parties named herein, including the plaintiff's own failure to mitigate his damages, and/or the negligence or fault of third parties or entities over whom Wal-Mart had no control, and were not the result of negligence on the part of Wal-Mart, by reason of which Wal-Mart asserts the doctrines of contributory negligence, comparative negligence, comparative contribution, and implied indemnity.

6. For a sixth, separate and distinct defense, Wal-Mart says that if the plaintiff sustained the injuries and damages about which he complains, on or about November 12, 2002, the same were the proximate result of negligence by the plaintiff which equaled or exceeded the

negligence of Wal-Mart, if any, by reason of which plaintiff should be barred from recovery herein, pursuant to the doctrine of comparative negligence.

7. For a seventh, separate and distinct defense, Wal-Mart says that this action is barred by the applicable statute of limitations.

8. For an eighth, separate, and distinct defense, Wal-Mart says that the plaintiff's injuries, if any, were proximately caused or contributed to by the negligence of plaintiff or by reason of negligence or other wrongdoing on the part of a person, persons, or entity other than Wal-Mart.

9. For a ninth, separate, and distinct defense, Wal-Mart says that any product supplied by Wal-Mart and sold in the normal stream of commerce was reasonably safe for its intended use and was not defective in any manner. However, if the product was defective or unreasonably dangerous, which Wal-Mart denies, then the Plaintiff was aware thereof and unreasonably proceeded to make use of the product in that condition.

10. For a tenth, separate, and distinct defense, Wal-Mart says that plaintiff is barred from recovering any damages by virtue of the fact that the dangers, if any, claimed by the Plaintiff were open and obvious.

11. For a eleventh, separate, and distinct defense, Wal-Mart says that plaintiff's claims against Wal-Mart are barred by the applicable provisions of the Uniform Commercial Code of the State of West Virginia.

12. For a twelfth, separate, and distinct defense, Wal-Mart says that plaintiff did not justifiably rely on activities attributed by plaintiff to Wal-Mart in the Complaint, and that any injuries or damages complained of in the Complaint were not caused by Wal-Mart's alleged actions.

13. For a thirteenth, separate, and distinct defense, Wal-Mart says that plaintiff's claims are barred, in whole or in part, by Plaintiff's consent to the acts alleged in the Complaint.

14. For a fourteenth, separate, and distinct defense, Wal-Mart says that the Plaintiff was fully informed of the risks and possible consequences of the use of the product at issue and expressly and/or impliedly assumed the risks associated with the use of this product, and any recovery, should be reduced or barred in accordance with the doctrine of assumption of the risk.

15. For a fifteenth, separate, and distinct defense, Wal-Mart says that plaintiff's alleged injuries were caused by the preceding, intervening or superseding acts or omissions, fault and negligence of Plaintiff and others for whose conduct Wal-Mart is not responsible.

16. For a sixteenth, separate, and distinct defense, Wal-Mart says that the intervening or superseding cause of any injury allegedly sustained by the Plaintiff is conduct which is improper, and for which conduct Wal-Mart cannot be held responsible.

17. For a seventeenth, separate, and distinct defense, Wal-Mart says that plaintiff's claims are barred, in whole or in part, because the proximate cause of any alleged injury was the Plaintiff's choice to use, misuse, or abuse the product at issue in a matter other than that

recommended. The superseding cause of any injury allegedly sustained by the Plaintiff is accordingly the Plaintiff's own conduct.

18. For a eighteenth, separate, and distinct defense, Wal-Mart says that plaintiff's claims are barred on the grounds that Wal-Mart had no duty to warn plaintiff or the general public of potential dangers arising from the use of its products.

19. For a nineteenth, separate, and distinct defense, Wal-Mart says that Wal-Mart discharged, according to law and due care, each and every duty, if any, which it may have owed Plaintiff.

20. For a twentieth, separate, and distinct defense, Wal-Mart says that any damages sustained by Plaintiff were caused or contributed to by modifications, alterations, diversion, abuse, unintended use, unreasonable use, or misuse or otherwise improperly, using the product at issue distributed by Wal-Mart after said product left the care, custody or control of Wal-Mart.

21. For a twenty-first, separate, and distinct defense, Wal-Mart says that it intends to rely upon the defense of Act of God and/or natural and unavoidable causes beyond the control of Wal-Mart.

22. For a twenty-second, separate, and distinct defense, Wal-Mart says that as to Plaintiff or any other entity or person whose conduct or intervening negligence resulted in the alleged injuries of Plaintiff, Wal-Mart expressly pleads the doctrine of last clear chance.

- 7 -

23. For a twenty-third, separate, and distinct defense, Wal-Mart says that it denies that there existed, at any time material to this action, warranties, either express or implied, between Wal-Mart and the Plaintiff.

24. For a twenty-fourth, separate, and distinct defense, Wal-Mart says that at all relevant times, Wal-Mart provided proper warnings, information, and instructions for the product, pursuant to generally recognized prevailing standards in existence at that time. As such, Plaintiff's claims are barred to the extent that those claims are based on an alleged duty to warn of risks associated with the use of the product at issue, inasmuch as Plaintiff was warned, or otherwise made aware of, alleged dangers of the product, and further, any such alleged dangers were not beyond that which would have been contemplated by the ordinary consumer of the product with the ordinary knowledge common to the community.

25. For a twenty-fifth, separate, and distinct defense, Wal-Mart says that the lack of privity between Plaintiff and Wal-Mart bars claims, if any, based on contractual theories.

26. For a twenty-sixth, separate, and distinct defense, Wal-Mart says that plaintiff's claims are barred by the doctrines of laches, waiver, estoppel, collateral estoppel and/or adjudication.

27. For a twenty-seventh, separate, and distinct defense, Wal-Mart says that plaintiff's claimed damages are too speculative to form the basis for relief.

28. For a twenty-eighth, separate, and distinct defense, Wal-Mart says that while

denying any and all allegations of negligence, wrongdoing, fault, or liability, Wal-Mart states that it would be entitled to a full credit, offset, pro-rata reduction, or percentage reduction, based on the percentage of fault attributable to each settling Defendant, in the event Plaintiff settles with any Defendant, pursuant to the applicable statutes.

29.   For a twenty-ninth, separate, and distinct defense, Wal-Mart says that plaintiff's claims are barred because statements, promotions, and advertisements of the product at issue are protected by the First Amendment to the United States Constitution and Article III, Section 7 of the West Virginia Constitution.

30.   For a thirtieth, separate, and distinct defense, Wal-Mart says that plaintiff is barred from recovering any damages by virtue of the fact that there was no practical or technical feasible alternative design or formulation that would have prevented the harm alleged by the Plaintiff without substantially impairing the usefulness or intended purpose of the product.

31.   For a thirty-first, separate, and distinct defense, Wal-Mart says that it adopts and incorporates by reference any affirmative defense asserted by any other Defendant to this action, to the extent such affirmative defense applies to Wal-Mart.

32.   For a thirty-second, separate, and distinct defense, Wal-Mart says that it reserves the right to assert other and further defenses as may become apparent during the course of discovery.

WHEREFORE, this defendant Wal-Mart, demands that the Complaint of the plaintiff be dismissed and that it awarded its costs herein expended in addition to any other relief as the Court deems appropriate.

**THIS DEFENDANT DEMANDS A TRIAL BY JURY.**

*WV # 9375*

_____
Of Counsel for Defendants

**McQueen, Harmon & Murphy, L.C.**

Kathlene Harmon-McQueen, WV Bar No. 5692
Kelly C. Morgan, WV Bar No. 9519
Cornerstone Building, Suite 100
1409 Greenbrier Street
Post Office Box 1831
Charleston, West Virginia  25327-1831
*Telephone:* (304) 342-4200
*Facsimile:* (304) 342-4277

*Counsel for Wal-Mart Stores, East Inc.*

## CERTIFICATE OF SERVICE

The undersigned, of counsel for defendant, Wal-Mart Stores, Inc., does hereby certify that the foregoing **DEFENDANT, WAL-MART STORES, INC., ANSWER** has been served upon the following counsel of record by this day mailing to them true copies thereof:

> Henry E. Wood, Esquire, WV Bar No. 4117
> Wood & Associates, L.C.
> Post Office Box 4448
> Charleston, WV 25364-4448
> *Counsel for Plaintiff*

Done this 7th day of February, 2005.

_____
Of Counsel for Defendants             WV #9375

**McQueen Harmon & Murphy, L.C.**
Kathlene Harmon-McQueen, WV Bar No. 5692
Kelly C. Morgan, WV Bar No. 9519
Cornerstone Building, Suite 100
1409 Greenbrier Street
Post Office Box 1831
Charleston, West Virginia  25327-1831
*Telephone:* (304) 342-4200
*Facsimile:* (304) 342-4277
*Counsel for Wal-Mart Stores, Inc.*